UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                CASE NO. 2:05-CR-90-FTM 29DNF

STOCK DEVELOPMENT, LLC

## PLEA AGREEMENT

A. **Introduction**

An Information has been filed in this District charging the Defendant STOCK DEVELOPMENT, LLC ("Defendant") with one Class A misdemeanor violation of the Bald and Golden Eagle Protection Act, Title 16, United States Code, Section 668(a). The Defendant and the United States have reached an agreement to resolve this case via a plea of guilty by the Defendant to Count One of the Information, a joint sentencing recommendation, and a promise by the United States to decline further prosecution of the Defendant for crimes related to certain activity.

B. **Particularized Terms**

The parties to this Agreement are the United States Attorney's Office for the Middle District of Florida, the Environment and Natural Resources Division of the U.S. Department of Justice (hereinafter collectively "the government" or "the United States") and the defendant, Stock Development, LLC, represented by counsel Edmond E. Koester and Scott A. Srebnick. This agreement in entered into pursuant to Fed. R. Crim/ P. 11(c)(1)(B), and the United States and the defendant agree to jointly

Defendant's Initials _BS_                    AF Approval _____

recommend to the Court that the defendant be sentenced in the manner set forth below. The parties understand that such a joint recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

The parties mutually agree as follows:

1. <u>Count Pleading To</u>

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with knowingly, or with wanton disregard for the consequences of its act, taking, without being permitted to do so, a bald eagle nest, in violation of 16 U.S.C. § 668(a).

2. <u>Maximum Penalties</u>

For an organizational defendant, Count One carries a maximum sentence of five years probation (18 U.S.C. §3561(c)(2)); a fine of up to $200,000 or twice the gross gain accruing from the crime (18 U.S.C. §§ 3571(c)(5), (d)) (with interest accruing on the balance of any unpaid fine beginning 15 days after the judgment date (18 U.S.C. § 3612(f)), and a special assessment of $125 (18 U.S.C. 3013(a)(1)(B)(iii)), which is due on the date of sentencing.

3. <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

Defendant's Initials _BS_    2

<u>First</u>: On or about the date alleged in the Information, the defendant, by or through the actions of its agents, "took" a bald eagle nest without being permitted to do so;

<u>Second</u>: In doing so, the defendant, by or through the actions of its agents, acted knowingly, or with wanton disregard for the consequences of its actions.

4. <u>No Further Charges</u>

If the Court accepts this plea agreement, the government agrees not to charge the defendant or any of its present corporate officers, owners or directors with committing any other federal criminal offenses known to the government at the time of the execution of this agreement related to the conduct giving rise to this plea agreement.

5. <u>Discretionary Restitution</u>

Restitution is not mandatory for Title 16 offenses. However, pursuant to 18 U.S.C. 3663, the parties may agree and have agreed that the defendant shall make restitution, as described in paragraph D3b1, below.

6. <u>Corporate Defendant</u>

The undersigned corporate officer or representative of the defendant hereby certifies that he is authorized by the defendant corporation to act on its behalf, to plead guilty to the charge alleged in the Information, and to enter into this plea agreement, and that a corporate resolution so empowering said officer or representative has been duly made and approved by said corporation. Said defendant corporation either has implemented or will, by the time of sentencing, implement an

Defendant's Initials _BS_                3

effective program to prevent and detect future violations similar to the one at issue in this case, as described in paragraph D3b2, below.

The parties agree that this Agreement, together with all of the obligations and terms hereof, shall inure to the benefit of, and shall bind, assignees, subsidiaries, successors-in-interest, or transferees of the defendant.

C. **Standard Terms and Conditions**

1. Special Assessment

On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.

2. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.

The defendant and the United States are making every reasonable effort to have the plea and sentencing occur at the same time with the understanding that defendant will pay the fine and the restitution at the time of the plea and sentencing and thereby obviate the need for compliance with 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii). However, if the plea and sentencing do not occur at the same time, pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the

Defendant's Initials _BS_    4

defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

The parties agree that this Agreement does not limit their right to provide the Court or the United States Probation Office with a full description of the defendant's conduct, correct inaccuracies at any time, or speak at the time of sentencing consistent with the recommended provisions set forth in this Agreement. The parties agree to allocute and argue at sentencing in favor of the joint recommendation regarding the appropriate sentence set forth in this Agreement.

3. <u>Application of the Sentencing Guidelines</u>

The parties agree that this matter arises out of acts committed by an organizational defendant after November 1, 1991; therefore, the Sentencing Guidelines relating to the Sentencing of Organizations (Chapter 8) are applicable to the offenses described herein, except for the imposition of a fine. The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties. U.S.S.G. § 6A1.4(d). The Court is free, pursuant to §§ 6A1.3 and 6B1.4 to

Defendant's Initials _BS_       5

reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information.

**D.     Joint Stipulated Sentencing Recommendations**

Understanding the above, the parties agree to recommend to the Court the following Guidelines analysis and stipulations:

1. The November 1, 2003, Guidelines should be used.

2. Sentencing of Count One of the Information is controlled by Chapter Eight of the Guidelines. Id. The monetary fine guidelines contained in sections 8C2.2 through 8C2.9 do not apply to Count One because the offense level for that count would be determined under U.S.S.G. § 2Q2.1, which is not contained in the list of guideline sections contained in § 8C2.1. The fine amount to be imposed for Count One, therefore, should be in accordance with the general principles set forth in 18 U.S.C. §§ 3553, 3572, U.S.S.G. § 8C2.10.

3. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the parties agree and recommend that the following sentence is appropriate and should be imposed in this case:

   a. The defendant shall pay a criminal fine of $175,000.00, payable at the time of sentencing.

   b. Pursuant to U.S.S.G. § 8D1.1, the defendant shall be placed on organizational probation for a period of one year. In addition to the applicable mandatory conditions of probation set forth in 18 U.S.C.

§ 3563, the terms of probation shall include the following special conditions:

1. In addition to the fine amount set forth above, the defendant will perform organizational community service, pursuant to U.S.S.G. § 8B1.3 by making the following payments at the time of sentencing:

    i. $50,000 to the Wildlife Foundation of Florida for "Bald Eagle Research;"

    ii. $50,000 to the Peace River Wildlife Center of Punta Gorda, Florida, for "Wildlife Rehabilitation, Research, and Public Education;"

    iii. $75,000 to the Audubon Center for Birds of Prey in Maitland, Florida, for "Florida Bald Eagle Rehabilitation and Eagle Watch Program;" and

    iv. $6,000 to the Florida Fish and Wildlife Conservation Commission Division of Law Enforcement for their cost of investigation.

2. The defendant shall be required to comply with the terms of a remedial order, pursuant to U.S.S.G. § 8B1.2, containing the following terms:

    i. Within thirty (30) days of sentencing, the defendant shall hire a qualified individual or organization to develop a Focused Environmental Compliance Plan

Defendant's Initials _BS_                    7

        ("FECP") aimed at developing policies and procedures which will prevent the recurrence of similar criminal activity by officers, agents, or employees of the defendant.

    ii.    Within 120 days of sentencing, the defendant shall present a written FECP to the U.S. Fish and Wildlife Service ("FWS") for its review and approval.

    iii.    Within thirty (30) days following FWS approval, which shall not be unreasonably withheld, the defendant shall implement the FECP through training and the adoption of the FECP's recommended policies and procedures.

    iv.    Within sixty (60) days following FWS approval, the defendant shall have completed training its officers, agents, and employees pursuant to the FECP.

    v.    Within ten (10) days following the completion of each step described herein, the defendant shall report such completion, in writing, to the United States Probation Office.

c.    The defendant shall not claim any of the above payments as a tax deduction or publicly characterize any such payment as a voluntary donation.

Defendant's Initials _BS_        8

d.  The parties acknowledge and agree that upon a finding of a violation of a condition of probation, the Court may extend the term of probation, impose more restrictive conditions of probation, or revoke probation and resentence the organization.

### E. Other Provisions

1.  Appeal of Sentence-Waiver

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, except (a) the ground that the sentence exceeds the statutory maximum penalty; or (b) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

2.  Limited Scope Of Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the Environmental Crimes Section of the U.S. Department of Justice and cannot bind other federal, state, or local prosecuting authorities, although the government will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _BS_    9

3.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

4.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in

Defendant's Initials _BS_                    10

the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

5.  Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

In 2003, the defendant corporation owned land in Collier County in an area known as Lely Resort which it was developing for residential construction. During the summer of 2003, a bald eagle's nest was discovered in a tree located within Lely Resort in an area slated for development. Bald eagles are listed as threatened under the federal Endangered Species Act. Prior to constructing homes near bald eagle nests, developers must seek a permit from the FWS, the issuance of which usually requires time-consuming prior study and the occasional requirement of costly environmental remediation by the developer.

During the summer of 2003, the principal officer of the defendant corporation was informed that there was a potential bald eagle's nest in the tree. Officers and managers of the defendant corporation contacted an environmental consultant who

Defendant's Initials _BS_       11

advised them to monitor the tree to determine whether the nest was utilized by either bald eagles or ospreys. No such monitoring was ordered or conducted. No notification of the possible bald eagle nest was made to the FWS and no construction-related study or permit was initiated or requested. Instead, in November 2003, the principal officer and manager of the defendant corporation discussed in front of its construction supervisor for the area of Lely Resort where the nest was located that the tree might contain a bald eagle nest and delay or prevent construction in that area. Shortly after this meeting, on or about November 15, 2003, the construction supervisor directed a third person to cut down and remove the tree containing the bald eagle nest, in order to facilitate development of the parcel on which the tree and nest were located. The tree and nest were cut down and destroyed, after which the construction superintendent told officers and managers of the defendant corporation that he had remove the tree and taken care of the problem. Upon learning this information, no officer, manager, or employee of the defendant corporation reported the destruction of the tree or nest to any authority or regulating agency. Instead, the defendant corporation proceeded with the construction of houses on the lot where the tree had stood and on adjacent lots.

6.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

7. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __26__ day of __August__, 2005.

PAUL I. PEREZ
United States Attorney

Date: __8/26/05__   By: __Yolande D. Viacava__
                        for Kara Spencer Nelson
                        Assistant United States Attorney

Date: __8/26/05__   By: _____
                        Douglas Molloy
                        Chief Assistant U.S. Attorney
                        Fort Myers Division

Date: __8/26/05__   By: _____
                        Robert S. Anderson
                        for Special Assistant United States Attorney
                        Senior Trial Counsel
                        Environmental Crimes Section
                        U.S. Department of Justice

Date: __7-7-05__    By: __Brian Stock__
                    Title: __CEO__
                        Stock Development, LLC

As counsel for the defendant, I have discussed with my corporate client and its duly authorized representative the terms of this Agreement, have fully explained the charges to which it is pleading guilty and the necessary elements, all possible defenses, and the consequences of its guilty pleas. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this Agreement and entering pleas of guilty. I know of no reason to question the competency of my

Defendant's Initials __BS__          13

corporate client or its duly authorized representative to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into his Agreement or to enter pleas of guilty, I will immediately inform the Court .

Date: 9-7-05

_____ 8-18-05
Edmond E. Koester
Attorney for Stock Development, LLC

_____ 8-15-05
Scott A. Srebnick,
Attorney for Stock Development, LLC

Defendant's Initials BS          14